**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000101
27-APR-2012
08:16 AM**

NO. CAAP-10-000101

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAMES MUNDON, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 05-1-0206)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant James Mundon (Mundon) appeals from the Judgment, Guilty Conviction and Sentence (Judgment) entered by the Circuit Court of the Fifth Circuit (circuit court) on October 13, 2010.

Arising out of events that occurred on February 5, 2004, Mundon was charged with twenty-eight counts consisting of: twenty-one counts of Sexual Assault in the Third Degree; two counts of Terroristic Threatening in the First Degree; one count of Attempted Sexual Assault in the Third Degree; one count of Kidnapping; one count of Assault in the Third Degree; one count of Attempted Assault in the First Degree; and one count of Attempted Sexual Assault in the First Degree. After an initial trial in December 2006, Mundon was convicted of five counts: Terroristic Threatening in the First Degree; Kidnapping; Assault

in the Third Degree; Attempted Assault in the Second Degree; and Attempted Sexual Assault in the First Degree. Mundon was acquitted in the first trial of the remaining charges.

Upon Mundon's appeal after the first trial, the Hawai'i Supreme Court reversed Mundon's conviction for Terroristic Threatening in the First Degree, vacated his remaining convictions, and remanded the case for a new trial. State v. Mundon, 121 Hawai'i 339, 219 P.3d 1126 (2009).

Mundon was retried on the following four charges: Attempted Sexual Assault in the First Degree pursuant to Hawaii Revised Statutes (HRS) § 705-500 and HRS § 707-730(1)(a) (Count 1, renumbered from Count 28); Kidnapping pursuant to HRS § 707-720(1)(d) (Count 2, renumbered from Count 24); Attempted Assault in the Second Degree pursuant to HRS § 705-500 and HRS § 707-711 (Count 3, renumbered from Count 27); and Assault in the Third Degree pursuant to HRS §707-712(1)(a) (Count 4, renumbered from Count 25).[1]

In the second trial, Mundon was found guilty of: Attempted Sexual Assault in the First Degree; Kidnapping; and two counts of Assault in the Third Degree.

On appeal, Mundon contends the circuit court erred by: (1) improperly limiting discovery; (2) improperly permitting evidence of acts for which Mundon was acquitted in the first trial, without also admitting evidence that Mundon was acquitted of those alleged acts; (3) improperly limiting cross examination of the complaining witness (hereafter Complainant); (4) improperly allowing the State to make references to Complainant as "victim" over the objection of the defense; and (5) imposing consecutive twenty year sentences, an award of restitution, and a mandatory minimum term of imprisonment.

---

[1] The Honorable Kathleen Watanabe presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mundon's points of error as follows:

(1) The circuit court did not improperly limit discovery. Mundon contends he was troubled with Complainant's trial testimony using the phrase "outer labia" to describe the area where she was touched by Mundon because in her original report to the police, she said that she was "groped" under her underwear.

On March 18, 2010, prior to the second trial, Mundon filed his Request for Discovery Materials Within Possession of Prosecution, seeking:

> 2.   Any written documents supplied to government witness [Complainant] via e-mail, facsimile transmission and U.S. mail secretly used to study, memorize, rehearse, and prepare her material trial testimony between Febuary [sic] 2004-Febuary [sic] 2007 by former First Deputy Prosecuting Attorney Jennifer S. Winn and Victim/Witness Counselor Marla Torres-Lam as revealed in transcripts.

On March 30, 2010, Mundon filed his Second and Final Request for Discovery Material, seeking production of:

> All case documents as revealed in the written transcripts of the trial testimony made by material witness [Complainant] that was secretly e-mailed and faxed between Febuary [sic] 9, 2004 and December 12, 2006 not disclosed to the defendant pro se prior to trial used for the purpose of studying, memorizing, rehearsing and preparing.

In an April 13, 2010 order, the circuit court ordered in part that "[p]redicate questions and related correspondence from the former prosecutor to complainant [] need not be produced as they are the State's attorney work product." Essentially, Mundon suggests that Complainant was coached to use the term "outer labia," and that he has the right to know the extent, if any, to which the State helped to tailor Complainant's testimony.

Mundon's argument fails for several reasons.  First, Hawai'i Rules of Penal Procedure (HRPP) Rule 16(b)(1)(i) provides:

> **Rule 16. Discovery**
>     . . .
>     **(b) Disclosure by the Prosecution.**
>     (1) *Disclosure of Matters Within Prosecution's Possession.*  <u>The prosecutor shall disclose to the defendant</u> or the defendant's attorney the following material and information within the prosecutor's possession or control:
>         (i) the names and last known addresses of persons whom the prosecutor intends to call as witnesses in the presentation of the evidence in chief, together with <u>any relevant written or recorded statements, provided that statements recorded by the prosecutor shall not be subject to disclosure</u>[.]

(Emphasis added).  Even assuming that some of the material requested by Mundon were "statements" under HRPP Rule 16(b)(1)(i),[2] under the plain language of Rule 16(b), such material would be "statements recorded by the prosecution" that are not subject to disclosure.

Second, HRPP Rule 16(b)(1)(vii) requires a prosecutor to disclose to the defense "any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the defendant's punishment therefor."  HRPP Rule 16(b)(1)(vii) is not implicated in this case because the material sought by Mundon would not tend to negate his guilt. <u>See</u> <u>Dan v. State</u>, 76 Hawai'i 423, 429, 879 P.2d 528, 534 (1994); <u>Cf.</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

Third, to the extent that Mundon's discovery requests sought information provided to Complainant by the prosecutor's office to prepare her trial testimony, such material would be attorney work product, not subject to disclosure.  HRPP Rule 16(e)(5)(i) provides:

_____

[2] <u>See</u> <u>People v. Holtzman</u>, 593 N.W.2d 617, 623-24 (Mich. Ct. App. 1999) (holding that attorney's notes of interview with witness intended to be called at trial are not a "statement" which must be produced under reciprocal discovery rule, but rather are protected by the attorney work-product privilege).

Rule 16. Discovery

. . .

(e) Regulation of Discovery.

. . .

(5) *Matters Not Subject to Disclosure*.
(i) Work product. Disclosure shall not be required of legal research or of records, correspondence, report, or memoranda to the extent that they contain the opinions, theories or conclusions of a party's attorney or members of the attorney's legal staff, provided that the foregoing shall not be construed to prohibit the disclosures required under section (c)(3) of this rule and Rule 12.1.

None of the exceptions provided within the rule are applicable in this case. Moreover, Mundon's reliance on O'Connell v. Cowan, 332 S.W.3d 34 (Ky. 2010) is misplaced. O'Connell was a *civil* lawsuit wherein the plaintiff, a former criminal defendant, alleged that a law enforcement officer had recommended that a criminal charge be filed when there had been no evidence to support it. Id. at 37. The plaintiff sought discovery from the prosecutor who had been involved in the criminal case. In resolving the discovery issue, the court analyzed rules of civil procedure, and thus O'Connell is inapposite to the instant case.

(2) Mundon argues that the circuit court erroneously admitted evidence of acts for which he had been acquitted in the first trial,[3] and that the court erred in doing so without also permitting proof of his acquittal of those acts.

The circuit court held, pursuant to Hawai'i Rules of Evidence (HRE) Rule 403,[4] that if there was any prejudice

---

[3] After the first trial, Mundon was acquitted of counts 1-3 and 22 (four counts of Sexual Assault in the Third Degree, based on the acts of putting his hand on Complainant's genitals); counts 5-9 (five counts of Sexual Assault in the Third Degree, based on the acts of putting his hand on Complainant's breast); counts 10-21 (twelve counts of Sexual Assault in the Third Degree, based on the acts of putting his mouth on her breast); and count 23 (one count of Attempted Sexual Assault in the Third Degree, based on the act of attempting to put Complainant's hand on his penis).

[4] HRE Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of

(continued...)

resulting from admitting evidence of the acts for which Mundon was acquitted in the first trial, such prejudice did not outweigh the probative value of the evidence. A trial court's determination of whether relevant evidence is admissible under HRE Rule 403 is reviewed for an abuse of discretion. Kaeo v. Davis, 68 Haw. 447, 454, 719 P.2d 387, 392 (1986); State v. Duncan, 101 Hawai'i 269, 274, 67 P.3d 768, 773 (2003).

Mundon argues that the circuit court particularly erred because the charges for Sexual Assault in the Third Degree that related to the acts of putting his hands on Complainant's genitals -- and for which he was acquitted in the first trial -- "necessarily constituted the 'substantial step' towards digital penetration" necessary for the charge of Attempted Sexual Assault in the First Degree. As noted by the circuit court, however, the acts underlying the charges against Mundon were part of the same criminal episode. That is, similar to Odum v. State, 989 A.2d 232, 244-45 (Md. 2010), the acts underlying the acquitted charges were intrinsic to a charge for which Mundon was retried, and it was not error to admit evidence of those acts. In short, the circuit court did not abuse its discretion in determining that evidence of those acts was relevant and not unfairly prejudicial.

We further conclude that the circuit court did not abuse its discretion in precluding evidence that Mundon was acquitted in the first trial of the Sexual Assault in the Third Degree charges. Mundon's argument is undermined by the fact that, although he was acquitted of those charges, the jury in the first trial convicted him of Attempted Sexual Assault in the First Degree -- the same charge he was convicted of in the second trial. The circuit court properly sought to preclude *all*

---

[4] (...continued)
cumulative evidence." Mundon does not argue that his acquitted conduct is not relevant to the charges he faced upon retrial.

references to the first trial because such evidence, under an HRE Rule 403 balancing, could result in unfair prejudice, confusion of the issues or misleading the jury.

Mundon's reliance on People v. Griffin, 426 P.2d 507 (Cal. 1967) and People v. Mullens, 119 Cal. App. 4th 648 (2004) is not persuasive. In both Griffin and Mullens, the trial court admitted evidence of another crime committed by the defendant, similar to the crime being tried, but arising from a completely separate and distinct event or incident.[5] In those circumstances, the California appellate courts held it was error to exclude evidence that the defendant had been acquitted of the other alleged crime(s). Here, the evidence at issue -- the acts underlying the Sexual Assault in the Third Degree charges -- was not evidence of another separate incident, but were all part of the same incident involving Mundon and Complainant.

(3) Mundon argues that the circuit court precluded meaningful cross examination of Complainant such that he was not able to fully explore the issue of voluntary release, which if established, could have resulted in Mundon being convicted of kidnapping as a class B felony instead of a class A felony.[6] Specifically, when Mundon questioned Complainant on cross-examination, asking "What was James doing when he agreed to let you go?", the circuit court sustained the State's objection on the basis that the question misstated the testimony. The circuit court did not err in sustaining the State's objection because there was no evidence that Mundon voluntarily "agreed" to let

---

[5] In Griffin, the evidence was allowed because the similarity of the other crime to the crime being tried was relevant to prove the injuries at issue were not accidental and to prove intent. 426 P.2d at 510. In Mullens, the evidence of other sexual offenses was admitted pursuant to a statute allowing certain propensity evidence. 119 Cal. App. 4th at 656-661.

[6] Kidnapping is a class A felony unless "the defendant voluntarily released the victim, alive and not suffering from serious or substantial bodily injury, in a safe place prior to trial." HRS § 707-720(3) (1993 Repl.).

Complainant go. In addition, Mundon was in no way prevented from rephrasing his question or further pursuing the issue of voluntary release. In fact, Mundon was able to and did in fact cross examine Complainant extensively on the issue of voluntary release.

(4) Mundon argues that it was inappropriate for the prosecutor to make references to Complainant as the "victim." Mundon objected at trial to the prosecutor's use of the term "victim" to identify Complainant. Mundon points to <u>Jackson v. State</u>, 600 A.2d 21, 24-25 (Del. 1991) for the proposition that where there is a factual question of whether there was a victim, as opposed to simply identifying the perpetrator, it is inappropriate for the prosecutor to use the word "victim."

We instead look to <u>State v. Nomura</u>, 79 Hawai'i 413, 903 P.2d 718 (App. 1995) for guidance. In <u>Nomura</u>, this court held that it was error for the trial court to refer to a witness as the "victim" in certain jury instructions. However, in light of other instructions given to the jury, such error was held to be harmless error. <u>Id.</u> at 416-18, 903 P.2d at 721-23.

Here, there were only a few references by the deputy prosecutor to Complainant as the "victim," and although some police officers made sporadic reference to Complainant as the "victim," in the vast majority of the testimony, she was referred to by her name. Additionally, the circuit court's instructions to the jury defused the few references to Complainant as the "victim." The circuit court advised the jury that "[y]ou are the exclusive judges of the facts of this case[,]" and that:

> You must presume the defendant is innocent of the charges against him. This presumption remains with the defendant throughout the trial of the case, unless and until the prosecution proves the defendant guilty beyond a reasonable doubt.
> The presumption of innocence is not a mere slogan but an essential part of the law that is binding upon you. It places upon the prosecution the duty of proving every material element of the offense charged against the defendant beyond a reasonable doubt.

The jury was also instructed that "[s]tatements or remarks made by counsel are not evidence."

Therefore, even if we assume *arguendo* that it was error for the circuit court to allow the few references to Complainant as the "victim," we conclude similar to <u>Nomura</u> that it was harmless error. <u>See</u> HRPP Rule 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

(5) Mundon challenges several aspects of his sentence. First, regarding the consecutive twenty year sentences due to his convictions for Attempted Sexual Assault in the First Degree and Kidnapping, Mundon contends the circuit court made an improper comparison to another case in its circuit. Mundon takes issue with the circuit court's statement at the sentencing hearing that it "place[d] [Mundon] in the same category as Mr. Vinhaca[7] in terms of the need for consecutive sentencing."

We disagree with Mundon that the circuit court erred in comparing his crimes to Vinhaca's crimes. Moreover, as Mundon acknowledges, the circuit court evaluated the factors set forth in HRS § 706-606 (1993 Repl.)[8] in imposing the consecutive

---

[7] Mr. Vinhaca is a defendant in another sexual assault case where the circuit court imposed a consecutive sentence.

[8] In imposing a sentence, a court must consider the factors set forth in HRS § 706-606:

> §706-606 Factors to be considered in imposing a sentence. . .
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) The need for the sentence imposed:
>   (a) To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
>   (b) To afford adequate deterrence to criminal conduct;
>   (c) To protect the public from further crimes of the defendant; and
>   (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the
>                                                   (continued...)

9

sentence.  See also HRS § 706-668.5(2) (1993 Repl.).  The circuit court considered, among other things, the overall facts of the kidnapping/sexual assault incident; Mundon's history of criminality, including the fact that he committed the subject offenses while still on probation for an assault conviction; that previous rehabilitation efforts have not been effective; that Mundon has not taken responsibility for his failure while on probation; that Mundon preyed on Complainant's vulnerability; and Mundon's attempts to minimize the fact that he merely subjected his wife, as opposed to someone in the community at large, to acts of abuse.

Second, Mundon argues that restitution for Complainant's backpack was erroneous because *inter alia* such restitution was not included in his original sentence.  The State concedes that restitution for Complainant's backpack, which was not ordered after the first trial, runs afoul of HRS § 706-609 (1993 Repl.) and does not oppose the reduction of restitution in this regard.  We agree and hold that restitution for Complainant's backpack in the amount of $236.00 violates HRS § 706-609, which prohibits an increased sentence after an appeal:

> **§706-609 Resentence for the same offense or for offense based on the same conduct not to be more severe than prior sentence.**  When a conviction or sentence is set aside on direct or collateral attack, the court shall not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence.

Mundon's sentence with regard to restitution must be reduced in the amount of $236.00.

---

[8]  (...continued)
>           most effective manner;
> (3)  The kinds of sentences available; and
> (4)  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Finally, Mundon contends that the mandatory minimum period of imprisonment imposed by the circuit court after the retrial constitutes a more severe sentence, also in violation of HRS § 706-609.  His original sentence did not contain a mandatory minimum, whereas upon re-sentencing, the circuit court imposed a mandatory minimum period of imprisonment of six years and eight months, pursuant to HRS § 706-606.5 (1)(a)(ii) and (2)(e).  The issue is whether adding a mandatory minimum makes the more recent sentence "more severe than the prior sentence" pursuant to HRS § 706-609.

We conclude that it does.  Although the mandatory minimum sentence may not necessarily affect Mundon's actual length of imprisonment, it possibly could.  Further, even though the most direct impact of the mandatory minimum sentence is the timing for when Mundon would be eligible for parole, this case is distinct from Keawe v. State, 79 Hawai'i 281, 901 P.2d 481 (1995).  In Keawe, the defendant challenged a second sentence under HRS § 706-609, arguing that it somehow affected his parole status.  The Hawai'i Supreme Court rejected the argument on the grounds that sentencing is the function of the courts, whereas the granting of parole is generally the function of the executive branch of government.  Id. at 289-90, 901 P.2d at 489-90.  There, the second sentence, in and of itself, did not contain anything that addressed parole.  In this case, to the contrary, the mandatory minimum period of imprisonment contained in the second sentence was imposed by the circuit court.  We thus conclude that HRS § 706-609 is applicable.

Therefore,

IT IS HEREBY ORDERED THAT the Judgment entered by the Circuit Court of the Fifth Circuit on October 13, 2010 is vacated to the extent that the sentence: imposed restitution in the amount of $236.00 for Complainant's backpack; and imposed a

mandatory minimum period of imprisonment of six years and eight months without the possibility of parole. The judgment is affirmed in all other respects.

This case is remanded to the circuit court for further proceedings to resentence Mundon consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, April 27, 2012.

On the briefs:

Stuart N. Fujioka
for Defendant-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

12